IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WANDER.COM, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1290-RP |
| | § | |
| VIRTUOSO, LTD., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Virtuoso, Ltd.'s ("Virtuoso") Motion to Dismiss, (Dkt. 4), Plaintiff Wander.com, Inc.'s ("Wander") response, (Dkt. 6), and Virtuoso's reply, (Dkt. 7). Having considered the parties' briefs, the record, and the relevant law, the Court finds that the motion should be granted.

**I. BACKGROUND**

Wander is an Austin-based travel company that "allows customers access to a network of smart homes across the globe that they can access with the tap of a button." (Compl., Dkt. 1, at 2). In contrast to other companies that offer travel spaces, Wander controls the homes on their platform. (*Id.*). Wander alleges it owns trademark applications for, and uses in commerce, various WANDER marks in connection with its downloadable software and app, website, and temporary accommodation services, among other goods and services. (*Id.* at 3). Virtuoso, with its principal place of business in Fort Worth, Texas, offers an online network of travel agents and uses the marks VIRTUOSO and VIRTUOSO WANDERLIST. (*Id.* at 1, 3–5). The parties' dispute began in 2022 when Virtuoso filed notices of opposition at the USPTO Trademark Trial and Appeal Board challenging Wander's applications to register its WANDER marks. (*Id.* at 5). Settlement discussions ensued. (*Id.* at 6). Then in 2023, Virtuoso demanded that Wander use a different mark if it wanted to

1

offer temporary lodging. (*Id.*). In response, Wander filed this declaratory judgment action to clarify and settle its trademark rights.

Virtuoso filed a motion to dismiss, arguing that venue is improper in the Western District pursuant to 28 U.S.C. § 1391 and Federal Rule of Civil Procedure 12(b)(3). In the alternative, rather than dismiss the case, Virtuoso asks this Court to transfer it to the Northern District of Texas under 28 U.S.C. § 1406(a). If the Court were to find that venue is proper, Virtuoso asks that the case be transferred to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) "since Defendant is headquartered in Fort Worth." (Mot. Dismiss, Dkt. 4, at 8). Because the Court finds that venue is improper in the Western District of Texas, the Court does not reach Virtuoso's argument under Section 1404.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). Once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue. *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). Where there is no evidentiary hearing, a plaintiff may carry her burden by presenting facts that, taken as true, would establish venue, and the court must resolve any factual conflicts in favor of the plaintiff. *Braspetro Oil Servs., Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). In determining whether venue is proper, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Id.* However, courts may consider evidence in the record beyond the facts alleged in the complaint and its attachments, including affidavits or evidence submitted by the parties as part of the venue motion. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). When it is determined a case is filed in a division or

district of improper venue, the district court may either dismiss the case or transfer it to any district or division of proper venue. *See* 28 U.S.C. § 1406(a).

### III. DISCUSSION

Virtuoso contends that venue is improper in the Western District of Texas because its principal place of business is in Fort Worth and so it resides in the Northern District of Texas, not the Western District. Virtuoso also states that Wander has not pled facts that would establish a substantial part of the events or omissions giving rise to Wander's claim of noninfringement occurred in the Western District: "Plaintiff fails to plead in its Complaint any allegations that Plaintiff has marketed, offered for sale, or sold any products or services in the Western District bearing the WANDER Marks. Plaintiff's Complaint merely references its use of the WANDER Marks on a website at Wander.com and on its Wander mobile application offered through Apple's app store." (Mot. Dismiss, Dkt. 4, at 8).

> Under 28 U.S.C. § 1391, venue is proper in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Further, § 1391(c) provides that a corporate defendant, like Virtuoso, is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c). For purposes of determining the proper venue for a corporate defendant, Section 1391 treats each judicial district in a multi-district state as its own separate state; thus, a corporate defendant must have minimum

3

contacts with a particular district in a multi-district state for venue to be proper in that district. *See* 28 U.S.C. § 1391(d).

Wander attempts to establish venue by arguing that Virtuoso resides in the Western District and a substantial part of the events or omissions giving rise to the claim occurred in the Western District. As to the first basis—that Virtuoso resides in the Western District under 28 U.S.C. § 1391(b)(1)—the parties do not dispute that Virtuoso has its principal place of business in Fort Worth. (Compl., Dkt. 1, at 1). Wander instead argues that Virtuoso does business in the Western District to the extent that Virtuoso has the requisite minimum contacts with this district. Wander asserts that Virtuoso does business in the Western District through its network of 114 Virtuoso travel advisors in Austin. (Resp., Dkt. 6, at 4). Wander provides no additional information about these travel advisors who are associated with Virtuoso. Without more information, the Court cannot determine whether the travel advisors are employees or agents or whether Virtuoso exerts control over the travel advisors in Austin. Furthermore, Virtuoso, in its reply brief, states that the travel advisors in Austin—who are part of a worldwide network of 21,000 travel advisors—are not employees of Virtuoso and instead are non-exclusive licensees whose relationship with Virtuoso is insufficient to establish personal jurisdiction over Virtuoso in the Western District. (Reply, Dkt. 7, at 2–3). Wander has failed to meet its burden of establishing that Virtuoso does business in the Western District of Texas.

The Court next turns to whether a substantial part of the events or omissions giving rise to the claim occurred in the Western District. *See* 28 U.S.C. § 1391(b)(2). "Under appropriate circumstances, venue for a Lanham Act claim may be proper in a district where consumer confusion occurs." *Nuttall v. Juarez*, 984 F. Supp. 2d 637, 644 (N.D. Tex. 2013). Because Wander is seeking a declaratory judgment of noninfringement as to its marks and filed suit here, a substantial part of the events giving rise to the alleged infringement must have occurred in the Western District. Wander

4

argues that it uses its marks in Austin, and those marks are the ones Virtuoso alleges are likely to cause confusion. (Resp., Dkt. 6, at 5). While a court should consider where the alleged infringer seeking the declaratory judgment uses its marks, the Court in this case cannot ignore that Wander uses its marks online and does not allege that it sell goods or services in the Western District.[1] "The mere possibility that someone in this district might have accessed the Pollstar website . . . and been confused by it is an inadequate basis for venue under Section 1391(a)(2)." *Nuttall*, 984 F. Supp. 2d at 644 (citing *Cabot Oil & Gas Corp. v. Water Cleaning Serv., LLC*, No. H–12–0665, 2012 WL 2133589, at *3 (S.D. Tex. June 12, 2012); *Francesca's Collections, Inc. v. Medina*, No. H–11–307, 2011 WL 3925062, at *2 (S.D. Tex. Sept. 7, 2011) ("The mere presence of an interactive website is insufficient to confer venue where, as here, a plaintiff presents no evidence of actual interactivity within the district, nor of sales, shipments, or any other commercial activity within the district."). Wander's online presence in the Western District, alone, does not establish that a substantial part of the events giving rise to the claims at issue occurred in this district.[2] Venue is therefore improper in the Western District.

When it is determined a case is filed in a division or district of improper venue, the district court may either dismiss the case or, in the interest of justice, transfer it to any district or division in which it could have been brought. *See* 28 U.S.C. § 1406(a). In its discretion and in the interest of justice, the Court will transfer this case to the Northern District of Texas where the Court believes venue is proper.

---

[1] When a company sells good or services in the district, courts generally find that venue is proper in that district under Section 1391(b)(2). *See Go Figure, Inc. v. Curves Intern., Inc.*, No. H-09-2930, 2010 WL 1424411, at *5 (where "the allegedly infringing items are sold from within the Southern District of Texas and a portion of the sales [were] shipped to locations therein"); *see also Audubon Real Estate Associates, L.L.C. v. Audubon Realty, L.L.C.*, No. 15-115-SDD-SCR, 2015 WL 4094235, at *4 (M.D. LA. July 7, 2015) (where the plaintiff sold real estate in the district).

[2] If a substantial portion of Wander's online sales were in the Western District, the outcome potentially could be different. *See Nursery Decals and More, Inc., v. Neat Print, Inc.*, No. 3:19-CV-2606-B, 2020 WL 1819885, at *11 (N.D. Tex. Apr. 10, 2020) (where 25% of the plaintiff's sales were from within the district). But Wander does not allege or otherwise provide the Court with information about how much of its business occurs in the Western District.

5

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Virtuoso's motion to dismiss, (Dkt. 4), is **GRANTED**, and this action is **TRANSFERRED** to the Fort Worth Division of the Northern District of Texas.

**SIGNED** on May 13, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE